UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEACHTREE ORTHOPAEDIC CLINIC, P.A., a Georgia professional corporation,<br><br>                                    Plaintiff,<br>v.<br>DEEP SEAS, LLC, a California limited liability company,<br>                                    Defendant.<br><br>DEEP SEAS, LLC, a California limited liability company,<br>                                Counter-Claimant,<br>v.<br>PEACHTREE ORTHOPAEDIC CLINIC, P.A., a Georgia professional corporation,<br>                                Counter-Defendant | Case No.: 25-CV-997 JLS (SBC)<br><br>**ORDER GRANTING PARTIAL MOTION TO DISMISS COUNTERCLAIM**<br><br>(ECF No. 12) |

       Presently before the Court are Counter-Defendant Peachtree Orthopaedic Clinic, P.A.'s ("POC") Partial Motion to Dismiss Defendant Deep Seas, LLC's Counterclaim ("Mot.," ECF No. 12) and accompanying Memorandum of Points and Authorities ("Mem.," ECF No. 12-1). Also before the Court are Counter-Claimant Deep Seas, LLC's

("Deep Seas") Opposition ("Opp'n," ECF No. 13) thereto, and POC's Reply ("Reply," ECF No. 14) in support thereof. Having carefully considered POC's Motion, the Parties' arguments, and the law, the Court **GRANTS** POC's Partial Motion to Dismiss (ECF No. 12) **WITH LEAVE TO AMEND**.

## BACKGROUND

### I.  POC's Allegations[1]

On April 22, 2025, POC, an orthopedic medical practice operated in various locations throughout the State of Georgia, filed a Complaint ("Compl.," ECF No. 1) against Deep Seas, its former cybersecurity vendor, for violating the Parties' Master Services Agreement ("MSA"). *See generally* Compl. The Complaint alleges claims for (1) Declaratory Relief, (2) Breach of Contract, (3) Breach of Implied Covenant of Good Faith and Fair Dealing, (4) Promissory Estoppel, (5) Restitution/ Unjust Enrichment, (6) Gross Negligence, and (7) violation of California's Unfair Competition Law, Business and Professions Code §17200, et seq. ("UCL"). *See id.*

According to POC, on July 23, 2023, POC contracted with Deep Seas for its "end-to-end cybersecurity defense services." *Id.* ¶ 8. Under the MSA, Deep Seas would provide "Managed Detection and Response" services, which included: "validation of alerts generated by Endpoint Software, the delivery of notifications to POC of any legitimate threats identified from an alert, and the monitoring of all Endpoint Software to ensure that it was up to date, running, and operating as expected." *Id.* ¶¶ 10–11. Deep Seas agreed to provide such services twenty-four hours a day and seven days a week year-round. *Id.* ¶ 12. Deep Seas further agreed to "indemnify and hold POC harmless from and against any and all damages resulting from [Deep Seas']" gross negligence or material breach of the MSA and to disclaim liability "to the extent that any breach result[ed] from any act/omission" of

---

[1] The Court includes the facts set forth by POC in its Complaint to provide context; however, because Deep Seas' Counterclaim—not POC's Complaint—is at issue, the Court accepts as true all facts in Deep Seas' Counterclaim for the purposes of this Order. *See Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).

POC. *Id.* ¶ 14. Deep Seas did not disclaim liability for any breach resulting from its own acts or omissions. *Id.*

POC alleges that Deep Seas' gross negligence and material breach of the MSA resulted in a cybersecurity breach in October 2023. Compl. ¶¶ 16–17. POC alleges that Deep Seas failed on two accounts: (1) Deep Seas did not activate multi-factor authentication for POC's "Carbon Black" portal, and (2) Deep Seas did not discover the cybersecurity breach, despite its obligation to provide "24x7x365" services. *Id.* ¶¶ 18–19. The Parties thereafter agreed that Deep Seas' conduct terminated the MSA and that POC was not obligated to pay "any remaining or outstanding fees or expenses." *Id.* ¶ 20. Deep Seas then aided POC in transitioning to another cybersecurity vendor. *Id.* ¶ 21. However, on October 24, 2024, Deep Seas sent a letter demanding $81,288 in outstanding fees owed by POC, which it later increased to $160,000 despite POC notifying Deep Seas of its gross negligence and material breach of the PSA. *Id.* ¶¶ 23–27.

## II.  Deep Seas' Allegations

In response to POC's allegations, Deep Seas filed an Answer to the Complaint, *see* ECF No. 9 ("Ans."), and a Counterclaim, *see* ECF No. 9 ("Counterclaim"), alleging that POC likewise breached the Parties' MSA. Deep Seas alleges claims for (1) Breach of Contract, (2) Fraud in the Inducement, and (3) Breach of the Covenant of Good Faith and Fair Dealing, and (4) Declaratory Relief. *See generally* Counterclaim.

According to Deep Seas, the MSA was never properly terminated, and is not scheduled to terminate until July 27, 2026. *Id.* ¶¶ 6, 42. Under the MSA, termination "for convenience" is effective upon sixty days written notice to the other party. *Id.* ¶ 7. Within thirty days of such termination, POC was required to "pay all unpaid fees, charges, and expenses," "plus any recurring fees and charges that would have been due through the remainder of the Term if [the MSA] had not been terminated for convenience." *Id.* ¶ 8. On May 15, 2024, POC informed Deep Seas that it was terminating the MSA under the termination for convenience provision. *Id.* ¶ 9. Deep Seas responded by reminding POC of its post-termination obligations under the MSA. *Id.* ¶ 10. However, on May 17, 2024,

POC retracted its termination for convenience. *Id.* ¶ 11. Deep Seas continued to provide services under the agreement following the retraction and POC's lack of response to Deep Seas' attempts to discuss the PSA. *Id.* ¶¶ 12–13. Deep Seas then attempted to collect the balance owed by POC under the MSA on multiple occasions. *Id.* ¶¶ 13, 15, 16. POC never paid Deep Seas despite several discussions between the Parties. *Id.* ¶¶ 15–17. Deep Seas alleges that POC never provided notice of its intent to terminate the PSA due to Deep Seas' alleged breach, failed to comply with the termination for convenience provision, and owes Deep Seas $162,576. *Id.* ¶¶ 18–19.

Both Parties seek declaratory relief and damages. *See generally* Compl.; Counterclaim. Now before the Court is POC's Partial Motion to Dismiss Deep Seas' Counterclaim.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted."[2] Courts evaluate the adequacy of the claim based on Federal Rule of Civil Procedure 8(a), which requires "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Put another way, it is insufficient to provide a pleading that "offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action . . . .'" *Twombly*, 550 U.S. at 555.

For a claim to survive a motion to dismiss it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. 544 at 570). A claim is facially plausible when the

---

[2] The standard that applies to a motion to dismiss a complaint under Rule 12(b)(6) also applies to a motion to dismiss a counterclaim. *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 950 (N.D. Cal. 2015).

facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). In conducting this type of review, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the non-movant. *Hernandez v. City of San Jose*, 897 F.3d 1125, 1132 (9th Cir. 2018) (quoting *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012)).

Review under Rule 12(b)(6) requires a context-specific analysis involving the Court's "judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr.*, 768 F.3d at 945. However, the Court is not required to accept as true "legal conclusions" in the complaint. *Iqbal*, 556 U.S. at 678. If a complaint does not meet the plausibility standard to survive a 12(b)(6) motion, the Court should grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading could . . . cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Put differently, the Court may deny leave to amend if amendment would be futile. *See id.*; *Schreiber Distrib.*, 806 F.2d at 1401.

## ANALYSIS

POC seeks to dismiss Deep Seas' Counterclaim on three grounds: (1) Deep Seas' fraud claim lacks the specificity required by Rule 9(b) and is barred by the economic loss doctrine; (2) Deep Seas' breach of implied duty claim "rests solely on POC's alleged misrepresentation that it intended to meet its obligations under the [P]arties' MSA"; and (3) Deep Seas' request for declaratory relief is duplicative of its breach of contract claim. Mem. at 2–3. POC does not challenge Deep Seas' breach of contract claim. *See generally* Mot. The Court addresses each argument in turn.

## I. Fraud in the Inducement

POC contends that the economic loss doctrine bars Deep Seas' fraud in the inducement claim because the alleged fraud is based on a failure to perform under the contract, and the economic loss doctrine requires allegations of wrongdoing independent of the Parties' underlying contract. Mem. at 4–5. POC further argues that the fraud claim does not meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard since Deep Seas makes only "the conclusory allegation that POC did not intend to honor its contractual allegations." *Id.* at 6.

Deep Seas responds that its claim falls within an exception to the economic loss rule that permits tort damages in contract cases where the contract was fraudulently induced, as explained by the court in *Dhital v. Nissan North America*, Inc. 84 Cal. App. 5th 828 (2022). Opp'n at 2–3. In response to POC's argument that Deep Seas fails to allege "the required independence from the breach of contract claim," Deep Seas asserts that so long as it alleges sufficient facts for a fraud claim, "the independence is inherent in a fraud in the inducement claim." *Id.* at 3. Deep Seas also argues that it has alleged fraud with specificity but seeks leave to the amend to the extent the Court disagrees. *Id.* at 4–5. POC replies that Deep Seas overstates *Dhital*'s holding and that amendment would be futile. Reply at 2–3.

The Court finds that Deep Seas has not plausibly alleged a claim for fraud in the inducement. Under Rule 9(b), allegations of fraud must "state with particularity the circumstances constituting fraud . . . ." This requires "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation"—in other words, the "who, what, when, where, and how" of the alleged fraud. *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019) (internal quotation marks omitted) (first citing *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); and then citing *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013)). Under California law, fraud requires a showing of (1) misrepresentation, concealment, or nondisclosure, (2) knowledge of falsity, (3) intent to induce a party to enter a contract, (4) justifiable reliance, and (5) resulting damages. *Cream v. N. Leasing Sys.,*

*Inc.*, No. 15-CV-01208-MEJ, 2015 WL 4606463, at *5 (N.D. Cal. July 31, 2015) (citing *Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996)). A subset of the tort of fraud, fraud in the inducement "occurs when the promisor knows what he is signing but his consent is induced by fraud, mutual assent is present and a contract is formed, which, by reason of the fraud, is voidable." *Dhital v. Nissan N. Am., Inc.*, 84 Cal. App. 5th 828, 839 (2022) (internal quotation marks omitted) (quoting *Hinesley v. Oakshade Town Ctr.*, 135 Cal. App. 4th 289, 294–95 (2005)).

Allegations that POC "represented it had the resources and intent to meet the obligations under the [MSA]" and "intended to induce [Deep Seas] to rely on these misrepresentations in order to obtain the benefits of the services outlined in the [MSA] without making the payment required" fall short of Rule 9(b)'s particularity requirement. *See* Counterclaim at ¶¶ 26–31. Deep Seas does not allege specific facts as to the "who, what, when, where, and how" of POC's misrepresentations, and instead alleges hardly more than a recitation of the elements of its claim. *Depot, Inc.*, 915 F.3d at 668 (internal quotation marks and citation omitted); *see* Counterclaim at ¶¶ 26–31. Nor does Deep Seas point to any specific facts as to POC's "intent[] to induce" Deep Seas to rely on the alleged misrepresentations. *See id.* Because the Court finds that Deep Seas fails to meet the particularity requirement under Rule 9(b), the Court need not reach the Parties' arguments as to the economic loss doctrine. Accordingly, the Court **GRANTS** POC's Motion as to Deep Seas' fraud in the inducement claim **WITH LEAVE TO AMEND**.

## II.   Breach of the Implied Covenant of Good Faith and Fair Dealing

Because Deep Seas' breach of the implied covenant of good faith and fair dealing claim rests on the same allegations as its breach of contract claim, POC argues that it is duplicative and therefore superfluous. Mem. at 7. Deep Seas responds that its allegations that POC purported to terminate the MSA, retracted the termination, then claimed that the termination was still in place, are "separate and apart from the allegation that P[OC] simply did not pay its bill." Opp'n at 5–6. POC replies that Deep Seas only points to the Parties' competing views as to termination and fails to identify any "non-duplicative conduct or

remedy . . . ." Reply at 4.

Under California law, "every contract contains an implied covenant of good faith and fair dealing 'to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made*.'" *Aliafgerad v. Bates*, 783 F. Supp. 3d 1218, 1226 (C.D. Cal. 2025) (quoting *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349 (2000)). "The plaintiff need not allege any 'violation of an express provision' of the contract; rather, 'a party violates the covenant if it subjectively lacks belief in the validity of its act or if its conduct is objectively unreasonable.'" *Id.* (quoting *Moore v. Wells Fargo Bank, N.A.*, 39 Cal. App. 5th 280, 291 (2019)) (cleaned up). "When breach of contract and implied covenant claims 'rely on the same alleged acts' and 'seek the same damages or other relief,' the implied covenant claim may be dismissed as superfluous." *Id.* (quoting *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990)) (cleaned up). However, a breach of the implied covenant claim "is not superfluous with a breach of contract claim when the covenant claim is based 'on a different breach than the contract claim.'" *Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 716 (N.D. Cal. 2014) (quoting *Daly v. United Healthcare Ins. Co.*, No. 10-CV-03032-LHK, 2010 WL 4510911, at *4 (N.D. Cal. Nov. 1, 2010)).

Here, Deep Seas alleges that POC breached the MSA "by failing to . . . pay[] amounts due to [Deep Seas] under the [MSA]." Counterclaim ¶ 23. Deep Seas alleges that POC breached the implied covenant of good faith and fair dealing by making representations "that it had the resources and intent to meet the obligations under the [MSA] including full payments owed for services provided" and "holding itself out to be a reputable company with a large clientele and ample cashflows sufficient to meet its obligations." *Id.* ¶¶ 35, 38. At their core, the two claims are based on the same allegations that POC breached the MSA by not paying for the services provided by Deep Seas. Deep Seas argues in its Opposition that its breach of the implied covenant claim is based on POC's purported termination of the MSA, retraction of the termination, and later claim that termination was still in place. Opp'n at 5–6. The allegations in the Counterclaim, however,

1  do not reflect this distinction.  Instead, the Court finds that because the two claims are based
2  on the same alleged acts, resulting in $162,576 damages, *see* Counterclaim ¶¶ 24, 40, Deep
3  Seas' implied covenant claim is superfluous.  Accordingly, the Court **GRANTS** POC's
4  Motion as to Deep Seas' breach of implied covenant of good faith and fair dealing claim
5  **WITH LEAVE TO AMEND**.

6  **III.    Declaratory Judgment**

7  As with Deep Seas' other claims, POC argues that Deep Seas' request for declaratory
8  relief is duplicative of its breach of contract claim and thus subject to dismissal.  Mem.
9  at 8.  Deep Seas responds that its allegations as to whether termination took place are
10 "separate and apart" from its breach of contract claim, and that POC seeks nearly identical
11 declaratory relief in its Complaint.  Opp'n at 6–7.  POC responds that Deep Seas has not
12 moved to dismiss any of POC's claim for declaratory relief and has "effectively conceded
13 that its declaratory relief claim is duplicative of its breach of contract claim." Reply at 5.

14 The Court agrees that Deep Seas' request for declaratory relief is duplicative.
15 "[W]here determinations of a breach of contract claim will resolve any question regarding
16 interpretation of the contract, there is no need for declaratory relief, and dismissal of a
17 companion declaratory relief claim is appropriate." *Vascular Imaging Pros., Inc. v.*
18 *Digirad Corp.*, 401 F. Supp. 3d 1005, 1010 (S.D. Cal. 2019) (quoting *StreamCast*
19 *Networks, Inc. v. IBIS LLC*, No. CV05-04239MMM(EX), 2006 WL 5720345, at *3–4
20 (C.D. Cal. May 2, 2006)).  "However, 'declaratory relief is appropriate where a breach of
21 contract claim will not settle all of the contractual issues concerning which plaintiff seeks
22 declaratory relief.'" *Id.* (quoting *StreamCast Networks, Inc.*, 2006 WL 5720345, at *3–4).
23 Here, Deep Seas' breach of contract claim generally alleges that POC breached the MSA
24 by failing to pay Deep Seas.  *See* Counterclaim ¶¶ 20–25.  Deep Seas declaratory relief
25 claim seeks a declaration confirming POC's "ongoing obligations . . . to make payment"
26 to Deep Seas and "the rights of the respective parties" under the MSA.  *Id.* ¶ 43.  Resolution
27 of the breach of contract claim would fully resolve Deep Seas' request for declaratory
28 relief, i.e., a ruling in Deep Seas' favor on its breach of contract claim would confirm that

the MSA was never terminated—the same outcome Deep Seas seeks in requesting declaratory relief. And both claims seek the same form of relief: payment owed to Deep Seas. The Court thus concludes that Deep Seas' declaratory relief claim is duplicative of its breach of contract claim. Accordingly, the Court **GRANTS** POC's Motion as to Deep Seas' request for declaratory relief **WITH LEAVE TO AMEND**.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** POC's Partial Motion to Dismiss Counterclaim (ECF No. 12) **WITH LEAVE TO AMEND**. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (noting that the general policy provided by Rule 15(a)(2) that the court should freely give leave "when justice so requires" is "to be applied with extreme liberality").

Within twenty-one (21) days of this Order, Deep Seas either (1) **SHALL FILE** an amended counterclaim, or (2) **SHALL INDICATE** to the Court that it will not do so. ***Failure to timely select either of the above options may result in the dismissal of all claims for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).*** *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890–91 (9th Cir. 2019) (explaining courts may dismiss an action under Rule 41(b) when a plaintiff fails to comply with a court order requiring the filing of an amended complaint). Any amended counterclaim must be complete in and of itself without reference to Deep Seas' original Counterclaim; claims not realleged in the amended counterclaim will be considered waived. *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived").

**IT IS SO ORDERED.**

Dated: January 13, 2026

Hon. Janis L. Sammartino
United States District Judge